Merchants' and Manufacturers' Bank of Milwaukee,
Appellant, vs. Moeller, Respondent.

*February 20—March 11, 1913.*

*Appeal: Harmless error in charge as to burden of proof.*

An error in the charge to the jury relating to burden of proof is
not ground for reversal where, as to the matter in question,
the evidence was so conclusive that the trial court would have
been justified in directing the verdict which the jury found.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This action was brought to recover on a promissory note made by the defendant, payable to the order of a corporation known as the Great Lakes Portland Cement Company, at the State Bank at St. Cloud, Wisconsin. The complaint alleges the making of the note for $125 on the 29th day of September, 1910, payable to the order of the Great Lakes Portland Cement Company, six months after date, with interest at six per cent. per annum after maturity; that before maturity of said note plaintiff acquired the same from the Great Lakes Portland Cement Company for a valuable consideration. Due notice and protest are also alleged and the amount of the note and interest demanded. The answer sets up want of consideration and fraud in the execution of the note, notice on the part of the plaintiff, and that it was not a purchaser in good faith nor in due course; also some other defensive matter.

Motion for directed verdict in favor of the plaintiff was made and denied. The jury by general verdict found for the defendant. Due exceptions were taken to the denial of the motion for directed verdict and also to various rulings during the trial, and error assigned thereon. The court denied plaintiff's motions after verdict (1) for judgment in favor of the plaintiff notwithstanding the verdict, and (2) to set the verdict aside and grant a new trial. Judgment was ordered for the defendant on the verdict, which was entered, from which this appeal was taken.

*Charles E. Hammersley,* for the appellant.

*T. L. Doyle,* for the respondent.

KERWIN, J. The motions to direct a verdict in favor of the plaintiff and for judgment notwithstanding the verdict raised the question of sufficiency of the evidence to support the verdict. An examination of the record convinces us that the evidence is ample to support the verdict. No useful purpose

would be served by a recital of it. The evidence is practically undisputed that the note was without consideration, obtained through fraud on the part of the Great Lakes Portland Cement Company, payee named therein. There is also an abundance of evidence that the plaintiff took the note with knowledge of the infirmity and was not a *bona fide* holder.

Several errors are assigned on the admission and exclusion of evidence, but they are without merit and do not require treatment. These errors relate mainly to evidence respecting want of consideration, fraud in the execution of the note, or notice to the plaintiff of facts showing invalidity of the note.

Error is assigned upon the charge and refusal to charge as requested. Aside from the portion of the charge relating to burden of proof it was sufficiently favorable to the plaintiff. On the burden of proof that part of the charge respecting fraud was not strictly correct; but it was clearly non-prejudicial, because evidence of fraud in the execution of the note was so overwhelming and fraud so conclusively established that the court would have been warranted in directing a verdict on that question in favor of the defendant. In other respects the court fully covered the material questions in the case, and there was no error in refusing the requests to charge. In so far as the matter embraced in the requests was proper it was covered by the general charge.

Error is assigned in regard to remarks of counsel and also statements of the court made in presence of the jury. There was no prejudicial error under this head and discussion of the matter is wholly unnecessary.

A defense was set up under sec. 1770b, Stats., and in addition to the general verdict found by the jury the court made findings on this phase of the defense to the effect that the Great Lakes Portland Cement Company was a foreign corporation and had not complied with the statute so as to be entitled to do business in this state. But in the view we take of the case this alleged defense need not be considered, since it becomes immaterial. We are convinced that the plaintiff

had a fair trial, and that there is no prejudicial error in the record of which it can complain, therefore the judgment must be affirmed.

*By the Court.*—Judgment affirmed.